Attorney No. 31908

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT - LAW DIVISION

MARCELA VELASCO, )
      Plaintiff, )
)
v. )
) No.
MARK D. TIPTON and PURDY BROTHERS )
TRUCKING COMPANY, )
a foreign corporation, )
)
      Defendants. )

### COMPLAINT AT LAW

Plaintiff, Marcela Velasco, by her attorneys, GUY DELSON GELEERD, JR. and Gumbiner Injury Law Group, as and for her complaint against Defendants, MARK D. TIPTON and PURDY BROTHERS TRUCKING COMPANY, a foreign corporation, and each of them, alleges and states as follows:

1. The Plaintiff is a resident of the City of Chicago, County of Cook and State of Illinois.

2. The Defendant, Mark D. Tipton is a resident of the City of Crossville and State of Tennesse, and at all times complained herein, was an agent and or employee of the Defendant, PURDY BROTHERS TRUCKING COMPANY.

3. The Defendant, Mark D. Tipton, at all times complained herein, as an agent and or employee of the Defendant, PURDY BROTHERS TRUCKING COMPANY, was acting within the scope of his aforesaid employment.

Page 1 of 5



4. The Defendant, PURDY BROTHERS TRUCKING COMPANY, upon information and belief is an Indiana corporation, licensed to do and engage in business in the State of Illinois.

5. The Defendant, PURDY BROTHERS TRUCKING COMPANY, at all times complained of herein was acting by and through it's agent and or employee, Mark D. Tipton.

6. This Honorable Court has jurisdiction over PURDY BROTHERS TRUCKING COMPANY under the Illinois Long Arm Statute, 735 ILCS 5/2-209, in so far as PURDY BROTHERS TRUCKING COMPANY transacted business within the State of Illinois, committed a tortious act in the State of Illinois and upon further information and belief made or performed a contract and/or promise substantially connected with the State of Illinois.

7. This Honorable Court has jurisdiction over Mark D. Tipton under the Illinois Long Arm Statute, 735 ILCS 5/2-209, in so far as Mark D. Tipton transacted business within the State of Illinois, committed a tortious act in the State of Illinois and upon further information and belief made or performed a contract and/or promise substantially connected with the State of Illinois.

8. Some or all of the transaction out of which the cause of action arose occurred in the City of Summit, County of Cook and State of Illinois.

9. On June 19, 2015, I-55 was a road running a general north and south direction and 1st Avenue was a road running in a general east and west direction in or near the City of Summit and County of Cook.

10. On the above date, at approximately 3:40 a.m., Plaintiff was the owner and operator of a certain motor vehicle in a northbound direction on I-55 in the aforesaid City,

County and State.

11. At all times herein complained of herein, Plaintiff was acting in the exercise of due and ordinary care and caution for herself and all other motor vehicles then and there existing on the roadways.

12. That at the time and place aforesaid, Defendant, PURDY BROTHERS TRUCKING COMPANY was the owner of a certain motor vehicle being operated by its agent and or employee, the Defendant Mark D. Tipton, in a northbound direction on I-55 in the aforesaid city, county and state.

13. That at the time and place aforesaid, Plaintiff's vehicle reduced speed and stopped due to traffic at the aforesaid location.

14. That at the time and place aforesaid, upon approaching the rear end of the vehicle in which the Plaintiff was situated, the Defendant Mark D. Tipton fell asleep at the wheel.

15. That at the time and place aforesaid, upon approaching the rear end of the vehicle in which the Plaintiff was situated, and without warning or notice to the Plaintiff, the Defendants, and each of them, operated their motor vehicle so that the front of their motor vehicle came into contact with thereby striking the rear end of the motor vehicle in which Plaintiff was situated, causing damage thereto and injuries to Plaintiff.

16. That at the time and place aforesaid, it was then and there the duty of the Defendants, and each of them, to exercise ordinary care and caution in the ownership, operation and control of their aforesaid motor vehicle.

17. That notwithstanding their aforesaid duty, the Defendants, and each of them, were then and there guilty of one or more of the following acts and/or omissions, which were the direct and proximate cause of a collision between the party's vehicles, to wit:

   (a) Negligently owned, operated, managed, maintained and controlled their motor vehicle so that as a direct and proximate result thereof, Plaintiff was injured;

   (b) Negligently operated their motor vehicle without keeping a proper and sufficient lookout for the vehicle in which Plaintiff was situated;

   (c) Negligently proceeded at a speed which was greater than reasonable and proper with regard to traffic conditions and the use of the roadway, and which endangered the safety property there, in violation of 625 ILCS 5/11-601;

   (d) Negligently failed to give an audible warning with their horn when such warning was reasonably necessary to insure the safety of others, in violation of 625 ILCS 5/12-601;

   (e) Negligently failed to keep and maintain a proper interval between their vehicle and the vehicle in which Plaintiff was situated, in violation of 625 ILCS 5/11-710;

   (f) Negligently failed to reduce the speed of their motor vehicle to avoid a collision, when they knew, or in the exercise of ordinary care, should have known that a collision was imminent, in violation of 625 ILCS 5/11-601;

   (g) Negligently operated their motor vehicle so that the front end of their motor vehicle came into contact thereby striking the rear end of the vehicle in which Plaintiff was situated; and

   (h) Otherwise negligently failed to keep their motor vehicle under proper control so that as a direct and proximate result thereof, Plaintiff was injured.

18. That as a direct and proximate result of one or more of the aforesaid acts or omissions of the part of the Defendants, and each of them, the motor vehicle of the Defendants was caused to and did violently run into and collide with the motor vehicle in which the Plaintiff was situated, thereby causing the Plaintiff to be thrown with great force and violence in and about diverse parts of his said motor vehicle.

19. That as a further and direct result of the above, the Plaintiff was injured both internally and externally, with accompanying pain and suffering, was disabled and became liable to pay for and has been obligated to expend large sums of money for necessary and reasonable medical treatment and services in an effort to become cured of said injuries, was prevented from attending to her normal affairs and duties, prevented from attending to her usual employment thereby losing great gains which would have otherwise been acquired, sustained a loss of her normal life and further suffered sustained economic and non-economic losses all to the damage of the Plaintiff.

WHEREFORE, Plaintiff, Marcela Velasco, by her attorneys, GUY DELSON GELEERD, JR. and Gumbiner Injury Law Group, hereby demands judgment in her favor and against Defendants, MARK D. TIPTON and PURDY BROTHERS TRUCKING COMPANY, a foreign corporation, and each of them, in an amount in excess of $50,000.00, plus the costs in bringing this action which her proofs will allow.

Trial Attorney For Plaintiff
Guy Delson Geleerd, Jr.
180 North Michigan Avenue - Suite 2100
Chicago, Illinois 60601
Tel.   312-236-9751